# United States District Court
### for the
### Western District of New York

| | |
|---|---|
| United States of America | |
| v. | Case No. 24-mj-1130 |
| **WILLIE C. GRAHAM** | |
| *Defendant* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about September 6, 2023, in the Western District of New York, the defendant Willie C. Graham, did knowingly and intentionally possess with the intent to distribute fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(l) and 841(b)(1)(C).

This Criminal Complaint is based on these facts:

☒ Continued on the attached sheet.

*Complainant's signature*

JEFFREY A. HOMZA
Special Agent
Federal Bureau of Investigation
*Printed name and title*

Subscribed and sworn to telephonically.

Date: April 29, 2024

*Judge's signature*

City and State: Buffalo, New York

HONORABLE JEREMIAH J. MCCARTHY
United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT

STATE OF NEW YORK )
COUNTY OF ERIE     ) SS:
CITY OF BUFFALO    )

## INTRODUCTION

I, **Jeffrey A. Homza**, Special Agent of the Federal Bureau of Investigation, United States Department of Justice, having been duly sworn, states as follows:

1. I am a Special Agent of the Federal Bureau of Investigation ("FBI") of the United States Department of Justice. As such, I am an "investigative or law enforcement officer of the United States" within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in 18 U.S.C. § 2516.

2. I have served as an FBI Special Agent since May of 2019. During that time, I have participated in investigations involving drug trafficking, firearms trafficking, and organized crime matters. In addition, I have had the opportunity to work with several other FBI agents and other law enforcement agents and officers of varying experience levels, who have also investigated drug trafficking networks, with regard to the manner in which controlled substances are obtained, diluted, packaged, distributed, sold and used within the framework of drug trafficking in the Western District of New York and the manner in which firearms are obtained, sold, and used within the Western District of New York.

3. I make this affidavit in support a criminal complaint charging **WILLIE C. GRAHAM** with violations of Title 21, United States Code, Sections 841(a)(l) and 841(b)(1)(C) (possession with intent to distribute a controlled substance). This affidavit is being submitted for a limited purpose, that is, a probable cause determination. Therefore, I have not presented all of the facts of this investigation to date. I have set forth only the information I believe to be necessary to establish probable cause. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from law enforcement officers and witnesses, as well as Jamestown Police Department reports. This affidavit is intended to show merely that there is sufficient probable cause for the requested Criminal Complaint and does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

4. On September 6, 2023, patrol officers from the Jamestown Police Department witnessed a 2008, black, Acura SUV back out of the driveway of a known drug house in Jamestown, NY. A patrol officer conducted a registration check and learned the Acura bore Ohio registration JBZ1538, which expired in June 2023. Law enforcement officers then initiated a traffic stop on the Acura. There were three occupants in the Acura and **GRAHAM** was identified as the back seat passenger on the driver's side of the car. The driver did not have a valid license.

5. While the investigation was ongoing, patrol officers asked **GRAHAM** and the other occupants to step out of the car. A patrol officer then observed a loose, white, crystal-

like substance that, based on the officer's training and experience, appeared consistent with methamphetamine on the front floorboard of the Acura.  Patrol officers then conducted a roadside search of the vehicle and located numerous items of drug paraphernalia, including glass bubble pipes and burnt straws with suspected drug residue inside of them.

6.      **GRAHAM** was temporarily detained while the officers conducted the investigation.  While placing **GRAHAM** into wrist restraints, a patrol officer felt a glass object in **GRAHAM's** waistband, which **GRAHAM** advised was a glass bubble pipe.  After the search of the Acura, **GRAHAM** and the other passengers were transported to the Jamestown city jail.  Officers located suspected drugs during searches of both other occupants of the Acura.

7.      While in the booking area of the Jamestown Police Department, **GRAHAM** indicated that he was experiencing chest pains and could not breathe.  As officers attempted to assist **GRAHAM** in standing up, **GRAHAM** would tense up his body to prevent officers from moving him.  When officers stopped touching **GRAHAM**, he would appear to go limp and say he needed medical attention.

8.      The Jamestown Fire Department responded to the jail to assist **GRAHAM**.  Prior to being transported to UPMC Chautauqua for evaluation, law enforcement officers conducted the search of **GRAHAM's** person to ensure the safety of EMS Personnel.  While searching **GRAHAM**, law enforcement officers discovered a large blue plastic bag hidden in his buttocks. The bag contained three smaller, individually packaged bags of a gray cake like

substance. Based on the training and experience of the law enforcement officers involved in the search, the contraband appeared packaged for sale.

9. Law enforcement officers secured the suspected illegal narcotics prior to their submission to the New York State Police Western Satellite Crime Laboratory for analysis. The examination determined that the substances in each of the individually knotted bags contained fentanyl, with an aggregate weight of 29.309 +/- 0.003 grams. Based on my training and experience, I know this amount of fentanyl to be indicative of drug distribution, not personal use.

10. On March 2, 2024, **GRAHAM** was one of three occupants in a gold Subaru Legacy that fled from law enforcement officers attempting to initiate a traffic stop. **GRAHAM** was identified as the passenger in the back seat on the driver's side. After the Subaru finally came to a stop, all three occupants were ordered out of the car.

11. Upon approaching the Subaru, law enforcement officers saw a glass smoking device with suspected narcotic residue on the floor of the back seat. During a subsequent search of the Subaru, officers located 11.6 grams of suspected methamphetamine and 42 grams of Mannitol, which I know based on my training and experience to be a cutting agent used by drug traffickers in the in the manufacture of illegal narcotics. A second smoking device was found on the back passenger seat. A search of **GRAHAM's** pockets yielded $1,134.00 cash.

12. **GRAHAM** and the other occupants were transported to the Jamestown City Jail where a full search of **GRAHAM** yielded less than one ounce of suspected fentanyl inside of the leggings that **GRAHAM** was wearing. **GRAHAM** informed officers that he had eaten "dope" prior to being arrested and was overdosing. **GRAHAM** was given one dose of NARCAN and transported to UPMC Chautauqua.

13. **WHEREFORE**, based upon the foregoing, I respectfully submit that there is probable cause to believe that **WILLIE C. GRAHAM** did knowingly, willfully, and unlawfully violate Title 21, United States Code, Sections 841(a)(l) and 841(b)(1)(C) (possession with intent to distribute a controlled substance).

_____
JEFFREY A. HOMZA
Special Agent
Federal Bureau of Investigation

Sworn to and subscribed telephonically,

this 29th day of April 2024.

_____
HONORABLE JEREMIAH J. MCCARTHY
United States Magistrate Judge

5